UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

       v.

SERGIO ANTONIO HOOD

CASE NO. 8:20 cr 383 T 36 AEP

18 U.S.C. § 922(g)(1)
18 U.S.C. § 1503
18 U.S.C. § 1512(b)(1)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about October 27, 2019, in the Middle District of Florida, the

defendant,

SERGIO ANTONIO HOOD,

knowing that he had previously been convicted in any court of a crime

punishable by imprisonment for a term exceeding one year, including:

1.    Possession of firearms as a convicted felon and distribution of controlled substances, in the United States District Court for the Middle District of Florida, on or about March 14, 2012, and

2.    Lewd or lascivious battery, in the Circuit Court for the Twentieth Judicial Circuit, in and for Lee County, Florida, on or about July 26, 2004,

did knowingly possess, in and affecting interstate and foreign commerce,

ammunition, that is, Blazer Luger 9mm ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT TWO

Beginning no later than on or about November 14, 2020, and continuing through at least on or about November 17, 2020, in the Middle District of Florida, the defendant,

### SERGIO ANTONIO HOOD,

did knowingly and corruptly endeavor to influence, obstruct, and impede the due administration of justice in *United States v. Sergio Antonio Hood*, Case No. 8:11-cr-453-T-30TGW, in the United States District Court for the Middle District of Florida, by endeavoring to persuade witness M.H. to testify falsely at the defendant's supervised-release revocation hearing that: (a) M.H. and the defendant were together at a house watching football at the time of an October 27, 2019, shooting; and (b) the defendant never left from the house where he and M.H. were located during the night of October 27, 2019.

In violation of 18 U.S.C. §§ 1503 and 2.

## COUNT THREE

Beginning no later than on or about November 14, 2020, and continuing through at least on or about November 17, 2020, in the Middle District of Florida, the defendant,

### SERGIO ANTONIO HOOD,

did knowingly attempt to corruptly persuade another person with the intent to

2

influence and prevent the testimony of any person, that is, M.H., in an official proceeding, that is, the revocation hearing in *United States v. Sergio Antonio Hood*, Case No. 8:11-cr-453-T-30TGW, in the United States District Court for the Middle District of Florida, by instructing witness M.H. to testify falsely at the defendant's supervised-release revocation hearing that: (a) M.H. and the defendant were together at a house watching football at the time of an October 27, 2019, shooting; and (b) the defendant never left from the house where he and M.H. were located during the night of October 27, 2019.

In violation of 18 U.S.C. §§ 1512(b)(1) and 2.

### FORFEITURE

1.     The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 18 U.S.C. § 922, the defendant,

SERGIO ANTONIO HOOD,

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation, including, but not limited to, one round of Blazer Luger 9mm ammunition.

3.      Upon conviction of a violation of 18 18 U.S.C. §§ 1503 and/or 1512, the defendant,

SERGIO ANTONIO HOOD,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all of his right, title and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

4.      If any of the property described above, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).


A TRUE BILL,

_____
Foreperson


MARIA CHAPA LOPEZ
United States Attorney

By: _____
Daniel George
Assistant United States Attorney

By: _____
Cherie L. Krigsman
Assistant United States Attorney
Chief, National Security and Cybercrime Section

FORM OBD-34
December 20

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

SERGIO ANTONIO HOOD

## INDICTMENT

Violations:   18 U.S.C. § 922(g)(1)
18 U.S.C. § 1503
18 U.S.C. § 1512(b)(1)

A true bill,

_____
Foreperson

Filed in open court this 10th day

of December 2020.

_____
Clerk

Bail $_____